UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

THOMAS EINSTEIN NGUYEN,

Plaintiff,

v.

KILOLO KIJAKAZI, *in her official capacity*, and SOCIAL SECURITY ADMINISTRATION,[1]

Defendants.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
20-CV-607 (MKB)

MARGO K. BRODIE, United States District Judge:

Plaintiff Thomas Einstein Nguyen, proceeding *pro se*, commenced the above-captioned action on January 23, 2020, in the Southern District of New York against Defendants Andrew Saul, in his then-official capacity as Commissioner of the Social Security Administration, and the Social Security Administration. (Compl., Docket Entry No. 2.) On January 28, 2020, the action was transferred to this Court. (Transfer Order, Docket Entry No. 3.) Plaintiff alleges that Defendants "wrongfully denied [his disability] benefits" in a biased decision and then "committed fraud on [his] . . . appeal in order to avoid paying for [his] benefits." (Compl. ¶ 4.) Plaintiff brings this action "pursuant to the Social Security Act as amended and [the] applicable federal[]/state[] statute(s) such as discrimination (bullying), fraud, deception, etc." (*Id.* ¶ 3.)

The Court liberally construes the Complaint as seeking review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Plaintiff's

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration, for Andrew M. Saul, the former Commissioner. *See Acting Commissioner*, Soc. Sec. Admin., https://www.ssa.gov/agency/commissioner/ (last visited Feb. 17, 2022).

claim for Social Security disability insurance benefits under the Social Security Act (the "SSA"), pursuant to 42 U.S.C. § 405(g), and asserting tort claims against the Commissioner and the Social Security Administration pursuant to the Federal Tort Claims Act. (*See id.*)

The Commissioner moves to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, respectively. (Comm'r's Mot. to Dismiss ("Comm'r's Mot."), Docket Entry No. 11; Comm'r's Mem. in Supp. of Comm'r's Mot. ("Comm'r's Mem."), annexed to Comm'r's Mot. as Ex. 1, Docket Entry No. 11-1.) Plaintiff has not opposed the motion, and the time for doing so has passed. For the reasons set forth below, the Court grants the Commissioner's motion.

## I. Background

On May 8, 2018, administrative law Judge Mark Solomon (the "ALJ") denied Plaintiff's claim for disability insurance benefits under Title II of the SSA. (Decl. of Dexter Potts ("Potts Decl.") ¶ 3(a), annexed to Comm'r's Mot. as Ex. 1, Docket Entry No. 11-2; ALJ's Decision, annexed to Potts Decl. as Ex. 2, at 8, Docket Entry No. 11-2.)[2] Plaintiff requested review by the Social Security Administration Appeals Council, and, on April 25, 2019, the Appeals Council sent Plaintiff and his then-counsel a denial of his request for review of the ALJ's determination, rendering the ALJ's decision final (the "Notice of Denial"). (Notice of Denial, annexed to Potts Decl. as Ex. 2, at 18–21, Docket Entry No. 11-2.) The Notice of Denial indicated that Plaintiff had sixty days to file a civil action and that the sixty days began the day after he received the Notice of Denial. (*Id.* at 20.) It further indicated that Plaintiff would be presumed to have received the Notice of Denial five days after the date on the Notice of Denial unless he showed

[2] Because the exhibits to the Potts Declaration are not consecutively paginated, the Court refers to the page numbers assigned by the electronic case filing system.

that he did not receive it within the five-day period and that, if he could not file for court review within sixty days, he could request an extension of time to file a civil action. (*Id.*) Plaintiff did not request an extension, (*see* Potts Decl. ¶ 3(c)), and commenced this action on January 23, 2020, (Compl.).

Plaintiff alleges that Defendants "wrongfully denied [his disability] benefits" in a biased decision and then "committed fraud on [his] . . . appeal in order to avoid paying for [his] benefits." (Compl. ¶ 4.) Plaintiff seeks the benefits that he alleges he was wrongfully denied, plus interest, which he calculates to be $423,921.51, and punitive damages of $42,392,151,000.00 contingent on Defendants settling this suit and $1,140,000,000,000,000.01 if Defendants do not settle. (*Id.* ¶ 5.)

## II. Discussion

### a. Standards of review

#### i. 12(b)(1)

A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court "lacks the statutory or constitutional power to adjudicate it." *Huntress v. United States*, 810 F. App'x 74, 75 (2d Cir. 2020) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova*, 201 F.3d at 113); *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) (per curiam) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)). "'[C]ourt[s] must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted) (first

quoting *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006); and then quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)), *aff'd*, 561 U.S. 247 (2010). Ultimately, "the party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists.'" *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (quoting *Makarova*, 201 F.3d at 113); *see also Suarez v. Mosaic Sales Sols. US Operating Co.*, 720 F. App'x 52, 53 (2d Cir. 2018) (citing *Morrison*, 547 F.3d at 170); *Clayton v. United States*, No. 18-CV-5867, 2020 WL 1545542, at *3 (E.D.N.Y. Mar. 31, 2020) (quoting *Tandon*, 752 F.3d at 243); *Fed. Deposit Ins. Corp. v. Bank of N.Y. Mellon*, 369 F. Supp. 3d 547, 552 (S.D.N.Y. 2019) (quoting *Tandon*, 752 F.3d at 243).

**ii. 12(b)(6)**

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint liberally, "accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106–07 (2d Cir. 2021); *Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020) (same). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Bacon v. Phelps*, 961 F.3d 533, 540 (2d Cir. 2020) (quoting *Chambers v. Time Warner Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Cavello Bay Reinsurance Ltd. v. Shubin Stein*, 986 F.3d 161, 165 (2d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *Vaughn*, 957 F.3d at 145 (same).

In reviewing a *pro se* complaint, a court must be mindful that a plaintiff's pleadings must be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

**b. Plaintiff's claim that his social security benefits were wrongfully denied is untimely and not subject to equitable tolling**

**i. Plaintiff's claim is untimely**

The Commissioner argues that the Court should dismiss Plaintiff's claim that his benefits were wrongfully denied because Plaintiff did not timely commence this action and there is no basis to toll the sixty-day limitations period. (*See* Comm'r's Mem. 3–7.)

Claimants seeking federal district court review of a final decision by the Commissioner must file a civil action within sixty days of receiving notice of such a decision. 42 U.S.C. § 405(g). This requirement "is not jurisdictional, but rather constitutes a period of limitations," which "is a condition on the waiver of sovereign immunity" that "must be strictly construed." *Cole-Hill ex rel. T.W. v. Colvin*, 110 F. Supp. 3d 480, 483–84 (W.D.N.Y. 2015) (quoting *Bowen v. City of New York*, 476 U.S. 467, 478–79 (1986)). The notice of the Commissioner's final decision is presumed to have been received within five days of its mailing unless a plaintiff can show otherwise. 20 C.F.R. §§ 416.1401, 422.210(c); *see also Matsibekker v. Heckler*, 738 F.2d 79, 82 (2d Cir. 1984) (same); *Kesoglides v. Comm'r of Soc. Sec.*, No. 13-CV-4724, 2015 WL 1439862, at *3 (E.D.N.Y. Mar. 27, 2015) (citing *Matsibekker*, 738 F.2d at 81) (same).

Because the Notice of Denial is dated April 25, 2019, Plaintiff is presumed to have received the Notice of Denial within five days of its mailing, on or before April 30, 2019. *See* 20 C.F.R §§ 404.901, 416.1401 ("[The] [d]ate you receive notices means [five] days after the date

on the notice, unless you show us you did not receive it within the [five]-day period."). Under the applicable sixty-day statute of limitations, Plaintiff was required to commence this action on or before June 29, 2019, in order for this action to be timely. *See* 42 U.S.C. § 405(g). Because Plaintiff commenced this action on January 23, 2020 — 208 days after the deadline — Plaintiff's claim that his social security benefits were wrongfully denied is untimely. (*See* Compl.)

**c. Plaintiff has not presented a basis to toll the sixty-day limitations period**

In light of Plaintiff's *pro se* status, the Court considers whether the sixty-day deadline should be tolled under the doctrine of equitable tolling despite Plaintiff's failure to raise the issue or oppose the Commissioner's motion.

"[T]he doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The plaintiff must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." *Jenkins v. Greene*, 630 F.3d 298, 303 (2d Cir. 2010) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)). Circumstances that justify equitable tolling include circumstances where the plaintiff "(i) was unaware that there had been a violation giving rise to a claim, (ii) rebutted the presumption that notice of the Appeals Council denial was received within five days, (iii) received conflicting information about the filing deadline, or (iv) was unable to comprehend the appeal process because of an impediment." *Cole-Hill*, 110 F. Supp. 3d at 485 (quoting *Sindrewicz v. Chater*, No. 96-CV-139, 1997 WL 166564, at *2 (W.D.N.Y. Jan. 30, 1997) (collecting cases)). The plaintiff bears the burden of demonstrating that equitable tolling is justified. *See Guobadia v. Irowa*, 103 F. Supp. 3d 325, 341 (E.D.N.Y. 2015) (quoting *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)).

Plaintiff has not alleged any facts that would warrant tolling the sixty-day limitations period. (*See generally* Compl.) Plaintiff does not allege that he sought additional time from the Appeals Council within which to file the Complaint. Nor does the Complaint contain any allegations that support an inference that Plaintiff was pursuing his rights diligently or that extraordinary circumstances prevented him from filing within the limitations period. Plaintiff has therefore failed to demonstrate that he is entitled to equitable tolling. *See Kamara v. Comm'r of Soc. Sec.*, No. 18-CV-3672, 2019 WL 2300632, at *3 (E.D.N.Y. May 30, 2019) (finding no basis to toll limitations period where the plaintiff did not make any showing of extraordinary circumstances or that she "asked the Appeals Council for an extension of time to file within the requisite [sixty]-day period or attempted to file her complaint within the [sixty]-day period"); *Courtney v. Colvin*, No. 13-CV-2884, 2014 WL 129051, at *2–3 (S.D.N.Y. Jan. 14, 2014) (finding the plaintiff's allegations that he was ill, his identity was stolen, and he had changed his address insufficient to provide a basis for equitable tolling); *Pressley v. Astrue*, No. 12-CV-8461, 2013 WL 3974094, at *2–3 (S.D.N.Y. Aug. 2, 2013) (dismissing the plaintiff's complaint where it was filed five days late and the plaintiff did not oppose the government's motion to dismiss).

Accordingly, the Court finds that Plaintiff's claim that his social security benefits were wrongfully denied is untimely and that there is no basis to toll the sixty-day limitations period under the doctrine of equitable tolling. Therefore, the Court dismisses this claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.*, *Cartwright v. Comm'r of Soc. Sec.*, No. 19-CV-10853, 2021 WL 4249430, at *5 (S.D.N.Y. Sept. 17, 2021) (dismissing with prejudice pursuant to Rule 12(b)(6) a social security appeal filed one day late).

**d. The Court lacks subject matter jurisdiction over Plaintiff's remaining claims**

In addition to allegations that his claim for benefits was wrongly denied, Plaintiff alleges that the denial of his claim was the product of "discrimination (bullying), fraud, deception,

etc[.]" and demands $423,921.51 as immediate relief, punitive damages of $42,392,151,000 contingent on Defendants settling this suit, and $1,140,000,000,000,000.01 if Defendants do not settle. (*See* Compl. ¶¶ 3–5.)

The Commissioner argues that the Court lacks subject matter jurisdiction over Plaintiff's remaining claims because (1) "Congress has provided only a limited waiver of sovereign immunity for cases arising under the Social Security Act," making judicial review available only for final decisions of the Commissioner made after a hearing, and (2) "[t]he only waiver of sovereign immunity for tort claims is the Federal Tort Claims Act ['FTCA']," but "Plaintiff has not alleged that he satisfied the administrative claim requirements of the FTCA." (Comm'r's Mem. 8–9.) The Commissioner also argues that, "[w]ith respect to Plaintiff's . . . assertion that he should receive interest, it is well-settled that neither pre-judgment nor post-judgment interest is recoverable against the United States, except where the liability is imposed by statute or assumed by contract, and such is not the case here." (*Id.* at 11.)

**i. Lack of subject matter jurisdiction under the Social Security Act**

To the extent Plaintiff is seeking monetary damages for violations of the Social Security Act, his claim is barred by sovereign immunity because there is no private right of action under the Social Security Act and plaintiffs are barred from bringing a civil action against the Social Security Administration for monetary relief based on violations of the SSA.

The United States is generally immune from suit. *See United States v. Bormes*, 568 U.S. 6, 9–10 (2012) ("Sovereign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.'" (quoting *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33–34 (1992))); *see also Cangemi v. United States*, 13 F.4th 115, 130 (2d Cir. 2021) ("Absent an unequivocally expressed statutory waiver, the United States . . . [is] immune from suit based on the principle of sovereign immunity." (quoting *County of Suffolk v. Sebelius*, 605 F.3d 135, 140

(2d Cir. 2010) (alteration in original))); *Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 70 (2d Cir. 2016) ("'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.' Moreover, 'waivers of sovereign immunity must be "unequivocally expressed" in statutory text, and cannot simply be implied.'" (first quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); and then quoting *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004))).

"[T]he United States has not waived its sovereign immunity for claims by a Social Security claimant seeking monetary relief in addition to benefits awards." *Donnelly v. Barnhart*, 80 F. App'x 701, 702 (2d Cir. 2003) (first citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941); and then citing *Liffiton v. Keuker*, 850 F.2d 73, 77 (2d Cir. 1988)); *see also Pryor v. Comm'r of Soc. Sec.*, No. 14-CV-5596, 2016 WL 1171589, at *6 (E.D.N.Y. Mar. 22, 2016), *aff'd*, 690 F. App'x 42 (2d Cir. 2017); *Purisima v. Astrue*, No. 12-CV-3528, 2012 WL 5519295, at *3 (S.D.N.Y. Nov. 14, 2012) ("Though the Social Security Act, 42 U.S.C. § 405(g), provides for judicial review of [the Social Security Administration's] final decisions made after a hearing, and confers subject matter jurisdiction to that extent, it is well-established that the Act 'does not bestow a private right of action for monetary relief.'" (quoting *Katsoulakis v. Astrue*, No. 10-CV-81, 2011 WL 3877080, at *5 (E.D.N.Y. Aug. 31, 2011))). Moreover, "the Supreme Court has found that no action for damages can be maintained against personnel of the [Social Security Administration] because Congress provided an elaborate statutory scheme in the Act with 'meaningful safeguards or remedies for the rights of persons' wrongfully denied under the Act." *Ortega v. Colvin*, No. 13-CV-3487, 2015 WL 6143591, at *4 (E.D.N.Y. Oct. 19, 2015) (quoting *Schweiker v. Chilicky*, 487 U.S. 412, 425 (1988)).

Accordingly, to the extent Plaintiff is seeking monetary damages for violations of the Social Security Act, his claim is barred by sovereign immunity. *See, e.g.*, *Hatcher v. Saul*, No.

18-CV-2282, 2021 WL 1207315, at *3–4 (E.D.N.Y. Mar. 31, 2021) (finding *pro se* plaintiff's constitutional claims barred because there "is no private right of action under the Social Security Act" and plaintiffs are "barred from bringing a civil action against the [Social Security Administration] for monetary relief based on violations of the Social Security Act" and further finding that, to the extent the plaintiff was attempting to allege a *Bivens* claim for violations of his constitutional rights by the Social Security Administration or the Commissioner, such claims are also barred (quoting *Katsoulakis*, 2011 WL 3877080, at *5)); *Shmueli v. Comm'r of Soc. Sec.*, No. 17-CV-3734, 2018 WL 4403279, at *5 (S.D.N.Y. July 19, 2018) ("The [c]ourt . . . lacks subject matter jurisdiction to consider any discrimination, retaliation, harassment or similar claims for money damages against the Commissioner that [the] [p]laintiff may seek to assert."), *report and recommendation adopted*, 2018 WL 4387556 (S.D.N.Y. Sept. 14, 2018); *Davis v. Comm'r of Soc. Sec.*, No. 15-CV-6301, 2016 WL 3390586, at *5 (S.D.N.Y. Apr. 18, 2016) (finding that "the [c]ourt . . . lacks subject matter jurisdiction to consider any discrimination, retaliation, harassment, or similar claims against the Commissioner that [the plaintiff] may seek to assert" because "[it] is well-settled that the Act itself 'does not bestow a private right of action for monetary relief'" or make any "provision for remedies in money damages against officials responsible for unconstitutional conduct that leads to the wrongful denial of benefits" (first quoting *Purisima*, 2012 WL 5519295, at *3; and then quoting *Schweiker*, 487 U.S. at 424)), *report and recommendation adopted*, 2016 WL 3453452 (S.D.N.Y. June 16, 2016); *Oji v. Soc. Sec. Admin.*, No. 12-CV-7338, 2013 U.S. Dist. LEXIS 189928, at *49, *52 (S.D.N.Y. Sept. 12, 2013) (noting that *pro se* plaintiff's claim for "$975 septillion" in money damages was "couche[d]" in terms of discrimination but was actually a claim that the Social Security Administration "improperly denied" him benefits and finding that

this "purported civil rights claim" fails for the same reasons), *report and recommendation adopted*, 2015 U.S. Dist. LEXIS 149822 (S.D.N.Y. Nov. 4, 2015); *Okocha v. Disman*, No. 11-CV-1854, 2012 WL 6860892, at *12–13 (S.D.N.Y. Oct. 1, 2012) (finding *pro se* plaintiff's claims against Commissioner for punitive damages for "'deliberate denial of benefits,' deliberate infliction of emotional distress, and 'causing [the plaintiff] undue stress'" barred under the SSA), *report and recommendation adopted*, 2013 WL 163834 (S.D.N.Y. Jan. 15, 2013).

**ii. Lack of subject matter jurisdiction under the FTCA**

To the extent Plaintiff is asserting a cause of action in tort against the United States for alleged damages he suffered, his claims are barred by sovereign immunity because he failed to name the United States as a party and failed to administratively exhaust his claims.

Under the FTCA, a plaintiff may bring a tort suit against the United States under certain circumstances. *See Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217–18 (2008) ("In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees."); *Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019) ("One such 'limited waiver' of [the United States'] sovereign immunity is provided by the FTCA, which 'allows for a tort suit against the United States under specified circumstances.'" (quoting *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007))). "[I]f a suit is 'cognizable' under . . . the FTCA, the FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name' . . . ." *Meyer*, 510 U.S. at 476 (quoting 28 U.S.C. § 2679(a)); *Rivera v. United States*, 928 F.2d 592, 609 (2d Cir. 1991) ("The FTCA . . . precludes tort suits against federal agencies. The only proper federal institutional defendant in such an action is the United States." (citing 28 U.S.C. § 2679(a))); *see also* 28 U.S.C. § 2679(a) ("The authority of any federal agency to . . . be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b).").

"Prior to filing an FTCA action, a plaintiff must exhaust administrative remedies, which include presenting the claim to the appropriate federal agency." *Yunkeung Lee v. United States*, 570 F. App'x 26, 27 (2d Cir. 2014) (citing 28 U.S.C. § 2675(a)); *see DeBoe v. Du Bois*, 503 F. App'x 85, 89 (2d Cir. 2012) (citing *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 720 (2d Cir. 1998)) (affirming the district court's finding that it lacked subject matter jurisdiction over the plaintiff's claim because the plaintiff failed to exhaust his administrative remedies under the FTCA by filing a complaint with the appropriate federal agency); *see also Millares Guiraldes de Tineo*, 137 F.3d at 720 ("In sum, the United States has not consented to be sued on a tort claim unless the claim was first presented to the appropriate federal agency in writing, was so presented within two years after the claim accrued, and specified the amount of the claim in writing."). "[A]n administrative claim must be filed with the responsible federal agency within two years of a plaintiff's alleged injury." *Torres v. United States*, 612 F. App'x 37, 39 (2d Cir. 2015); *see Phillips v. Generations Fam. Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013) ("Under the FTCA, before a claimant can file suit, he or she must first present the claim to the appropriate federal agency . . . within two years of the date the claim accrued." (citing 28 U.S.C. § 2401(b))). A "claimant can only initiate his or her lawsuit once the claim has been denied by the agency (or if the agency has failed to make a decision within six months after the claim was filed)." *Phillips*, 723 F.3d at 147; *see Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) ("The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court."). "Because this presentment requirement serves to ease court congestion and to permit expeditious settlement without 'costly and time-consuming litigation,' the claimant must provide the agency with enough information to permit it 'to conduct an investigation and to estimate the claim's worth.'" *Yunkeung Lee*, 570 F. App'x at

27 (first quoting *McNeil v. United States*, 508 U.S. 106, 111–12 (1993); and then quoting *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998)).

"This [exhaustion] requirement is jurisdictional and cannot be waived." *Celestine*, 403 F.3d at 82 (citing *McNeil*, 508 U.S. at 113); *see Collins v. United States*, 996 F.3d 102, 109 (2d Cir. 2021) ("The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived." (quoting *Celestine*, 403 F.3d at 82)); *Hollis Care Grp. Inc. v. U.S. Small Bus. Admin*, 848 F. App'x 483, 484 (2d Cir. 2021) ("First, to the extent [p]laintiffs pled the necessary elements of fraud and negligent supervision under New York law, those claims were cognizable under the [FTCA] and therefore subject to a non-waivable, jurisdictional administrative exhaustion requirement." (footnote omitted)); *Leytman v. United States*, 832 F. App'x 720, 722 (2d Cir. 2020) ("Failure to comply with this exhaustion requirement deprives Article III courts of subject matter jurisdiction over FTCA claims." (citing *Celestine*, 403 F.3d at 82)); *Yunkeung Lee*, 570 F. App'x at 27 ("Although the presentment 'need not meet formal pleading' standards, the requirement is jurisdictional and must be 'adhered to strictly.'" (quoting *Johnson ex rel. Johnson v. United States*, 788 F.2d 845, 848–49 (2d Cir. 1986), *overruled on other grounds by Sheridan v. United States*, 487 U.S. 392 (1988))); *Accolla v. U.S. Gov't*, 381 F. App'x 71, 73 (2d Cir. 2010) (same); *see also Ruffin v. United States*, No. 20-CV-4128, 2021 WL 4408039, at *6 (E.D.N.Y. Sept. 27, 2021) (same); *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999) ("Unless a plaintiff complies with [the exhaustion] requirement, a district court lacks subject matter jurisdiction over a plaintiff's FTCA claim." (citing *United States v. Kubrick*, 444 U.S. 111, 117–18 (1979))), *abrogated on other grounds*, *United States v. Wong*, 575 U.S. 402 (2015).

To the extent Plaintiff asserts tort claims against the Social Security Administration, the Court lacks subject matter jurisdiction over these claims because the FTCA precludes tort suits against federal agencies. *Mignogna v. Sair Aviation, Inc.*, 937 F.2d 37, 40 (2d Cir. 1991) (holding that actions under the FTCA "must be brought against the United States rather than an agency thereof"); *Hatcher*, 2021 WL 1207315, at *4 ("[A]ny claim under the FTCA necessarily fails . . . because [the] [p]laintiff does not name the United States as a defendant and '[t]he [Social Security Administration] cannot be sued for negligence based on the doctrine of sovereign immunity, which bars FTCA suits against federal agencies.'" (second alteration in original) (quoting *Katsoulakis*, 2011 WL 3877080, at *5 n.1)); *Oji*, 2013 U.S. Dist. LEXIS 189928, at *54 (same).

In addition, even if Plaintiff had named the United States as a defendant in this action, Plaintiff has not alleged any facts suggesting that he complied with the FTCA's exhaustion requirements. *See Pope v. Geo Grp.*, No. 18-CV-6900, 2019 WL 79426, at *3 (E.D.N.Y. Jan. 2, 2019) ("[E]ven if a *pro se* 'plaintiff's complaint can be liberally construed to state a claim under the FTCA . . . the court does not have subject matter jurisdiction over' the FTCA claim if [the] 'plaintiff has neither pleaded that he filed an administrative claim within two years of the incident giving rise to the action, nor that he exhausted an administrative tort claim prior to initiating the instant action.'" (quoting *Diaz v. MDC Detention Ctr.*, No. 17-CV-3768, 2018 WL 472810, at *2 (E.D.N.Y. Jan. 17, 2018))); *see also, e.g.*, *Shmueli*, 2018 WL 4403279, at *5 (finding that the court lacked subject matter jurisdiction under the FTCA "to consider any discrimination, retaliation, harassment or similar claims for money damages against the Commissioner that [the *pro se*] [p]laintiff may seek to assert" because the plaintiff "has not alleged that she satisfied the FTCA's exhaustion requirements" and also because "a claim for

punitive damages 'does not fall within the limited waiver created by the FTCA'" (quoting *Okocha*, 2012 WL 6860892, at *13)); *Oji*, 2013 U.S. Dist. LEXIS 189928, at *54–55 (dismissing *pro se* plaintiff's tort claims against Social Security Administration, to the extent raised, because "even if [the] [p]laintiff had named the United States as a defendant in this action, the Commissioner has no records indicating that [the] [p]laintiff presented an administrative tort claim to the [Social Security Administration] as is required prior to bringing suit pursuant to the FTCA, and [the] [p]laintiff does not allege otherwise); *Okocha*, 2012 WL 6860892, at *13 ("[E]ven if the Social Security Act did not independently bar [the plaintiff's] punitive damages claim, his failure to establish FTCA exhaustion does."); *Greco v. Comm'r of Soc. Sec.*, No. 04-CV-141, 2004 U.S. Dist. LEXIS 29981, at *17–18 (N.D.N.Y. Dec. 30, 2004) ("[A] plaintiff may not bring claims against the Commissioner of Social Security under the [FTCA] 'because negligent mishandling of social security benefits is not cognizable under this statute.'" (quoting *Langella v. Bush*, 306 F. Supp. 2d 459, 464 (S.D.N.Y. 2004))), *report and recommendation adopted*, 2005 U.S. Dist. LEXIS 43365 (N.D.N.Y. June 8, 2005).

Accordingly, because Plaintiff's claims for money damages based on the denial of his request for benefits being the product of "discrimination (bullying), fraud, [or] deception" are barred by sovereign immunity under both the SSA and the FTCA, the Court lacks subject matter jurisdiction over these claims and dismisses them without prejudice. (Compl. ¶ 3.)

**e. Leave to amend**

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to amend the Complaint within thirty days of this Memorandum and Order to replead his claims of "discrimination (bullying), fraud, [or] deception" under the FTCA. Plaintiff is advised that the Amended Complaint will completely replace the original Complaint, must be captioned

"Amended Complaint," and shall bear the same docket number as this Order. Plaintiff must name the United States as a defendant and allege his compliance with the FTCA's exhaustion requirements. Plaintiff may contact the Federal Pro Se Legal Assistance Project of the City Bar Justice Center at 212-382-4729 for limited-scope legal assistance.

## III. Conclusion

For the foregoing reasons, the Court grants Defendant's motion to dismiss the Complaint. Pursuant to Rule 12(b)(6), the Court dismisses with prejudice Plaintiff's claim that he was wrongfully denied social security disability benefits for failure to state a claim. Pursuant to Rule 12(b)(1), the Court dismisses without prejudice for lack of subject matter jurisdiction Plaintiff's claims that the denial of his request for benefits was the product of "discrimination (bullying), fraud, [or] deception." (Compl. ¶ 3.) The Court grants Plaintiff leave to file an Amended Complaint to replead these claims under the FTCA.

Dated: February 23, 2022
Brooklyn, New York

SO ORDERED:

s/ MKB

MARGO K. BRODIE
United States District Judge